IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| J. Scott Kunst, ) | Civil Action No. 6:07-1092-HFF-BHH |
| Plaintif'f, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Pam Kennedy and Lee A. Kennedy, ) | |
| Defendant. ) | |

This matter is before the Court on the defendants' motion to enforce settlement. [Doc. 75.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The defendants have demonstrated that, on January 15, 2008, the plaintiff and the defendants agreed to a Mediation Settlement Agreement. (Defs. Mot. Enforce Ex. 1.) On March 14, 2008, the plaintiff came to the office of the defendants' counsel and was provided a settlement check made to Kunstwerke Corporation, but failed to execute the release in his corporate capacity, as required by both the Settlement Agreement and Mutual Release. *See id.* Subsequently, the defendants attempted to have the plaintiff properly execute the Release, without success. *See id.* They now request that the Court compel the plaintiff to execute the Release, as required, or be held in contempt for violation of the settlement agreement.

The district court has the inherent authority to enforce a settlement agreement; to exercise its power, the district court must find that a complete settlement has been reached

and be able to determine the terms and conditions of that settlement. *See Hensley v. Alcon Labs.*, Inc., 277 F.3d 535, 540-41 (4th Cir.2002). "If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement *summarily*." *Id*. at 541 (emphasis in original) (footnote omitted). Instead, the district court must hold a plenary evidentiary hearing to resolve the dispute. *Id*. (quoting *Millner v. Norfolk & W. Ry. Co*, 643 F.2d 1005, 1009 (4th Cir.1981)).

The plaintiff has made no response to the defendants' motion.[1] The Court has reviewed the submissions fo the defendants and agrees that they evidence not only that the parties reached a settlement agreement but that agreement expressly contemplated that the release would be executed in the plaintiff's corporate capacity on behalf of Kunstwerke. (Defs. Ex. 1.) For the plaintiff's want of response, there are no disputed facts either as to the existence of the agreement or its contents. Accordingly, a plenary hearing is unwarranted.

The Court, therefore, recommends that the plaintiff be compelled to properly and completely execute the release by signing such document on behalf of Kunstwerke in his corporate capacity. In the event he fails to do so, the Court will consider sanctions as would be appropriate, both monetary and otherwise, to compel the mandated compliance with this Court's orders.

---

[1] The defendants have submitted a certificate of service indicating that the motion was directed to the plaintiff at his address of record with the Court.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendants' motion to enforce settlement [Doc. 75] be GRANTED.

IT IS SO RECOMMENDED.

                                            s/Bruce H. Hendricks
                                            United States Magistrate Judge

October 6, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).